J-S42010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GREGORY CAMPBELL | : | |
| | : | |
| Appellant | : | No. 3430 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0104481-1985

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:         **FILED SEPTEMBER 05, 2019**

Gregory Campbell appeals, *pro se*, from the order entered October 24, 2018, in the Philadelphia County Court of Common Pleas, dismissing as untimely his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Campbell seeks relief from the judgment of sentence of life imprisonment, imposed on December 2, 1986, following his jury conviction of murder in the first degree, burglary, possession of an instrument of crime, and conspiracy.[2] On appeal, he asserts the PCRA court erred in dismissing the petition as untimely because he received ineffective

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 3502, 907, and 903, respectively.

assistance of counsel, there was a miscarriage of justice, and he has newly discovered facts. For the reasons discussed below, we affirm.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary. We briefly note, on November 20, 1984, Campbell, along with co-defendants Veleda Broaddus and Bernard Jackson forcibly entered the apartment of Alvin Gass, and shot and murdered him in front of his wife and child. Gass and his family had a prior relationship with Campbell. At trial, Gass' daughter Lydia positively identified Campbell as the shooter. Gass' wife, Freda Dowling was unable to identify which of the two men was the shooter but identified Campbell as one of the individuals involved. The jury convicted Campbell of the aforementioned charges on December 21, 1985. On December 2, 1986, the trial court sentenced Campbell as noted above.

Following reinstatement of Campbell's appellate rights, this Court affirmed the judgment of sentence on August 28, 1991. *See Commonwealth v. Campbell*, No. 1993 Philadelphia 1990 (Pa. Super. filed Aug. 28, 1991) (unpublished memorandum). Campbell did not seek leave to appeal to the Pennsylvania Supreme Court.

In January 1997, Campbell filed a PCRA petition, which the court dismissed on November 13, 1998. Campbell did not appeal its dismissal to this Court.

On August 25, 2016, Campbell filed the instant PCRA petition accompanied by a memorandum of law. On May 16, 2017, Campbell filed a supplemental amended PCRA petition. On April 17, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). The PCRA court granted Campbell's request for a continuance and he filed responses to the Rule 907 notice in the fall of 2018. On October 24, 2018, the PCRA court dismissed the petition as untimely filed. This timely appeal follows.[3]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, Campbell's petition was untimely. We agree. A petitioner must file a PCRA within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

---

[3] The PCRA court did not order Campbell to file a concise statement of errors complained of on appeal. On December 21, 2018, the PCRA court filed an opinion.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Campbell's judgment of sentence became final on September 27, 1991, 30 days after this Court affirmed the judgment of sentence and Campbell failed to seek leave to appeal to the Pennsylvania Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 113(a). Therefore, he had until September 27, 1992, to file a timely PCRA petition. His second petition, filed August 25, 2016, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, Campbell first claims he received ineffective assistance of all prior counsel. However, this claim does not fall within any of the statutory exceptions. First, the PCRA provides, "for purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or

retained." 42 Pa.C.S.A. § 9545(b)(4). Therefore, Campbell's claim does not fall within the "governmental interference" exception. 42 Pa.C.S.A. § 9454(b)(1)(i). Second, our Supreme Court has held "a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]." ***Commonwealth v. Gamboa–Taylor***, 753 A.2d 780, 785 (Pa. 2000). Therefore, Campbell's claim does not satisfy the newly discovered fact exception. 42 Pa.C.S.A. § 9545(b)(1)(ii). Finally, Campbell's ineffectiveness claim does not implicate the PCRA's exception for a newly recognized constitutional right that applies retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii).

Campbell also argues his conviction resulted from a fundamental miscarriage of justice. However, this assertion of "manifest injustice" and "miscarriage of justice" fails to overcome the PCRA time bar. ***Commonwealth v. Fahy***, 737 A.2d 214, 222-223 (Pa. 1999) (rejecting petitioner's assertion that miscarriage of justice standard permitted court to reach merits of untimely PCRA petition).

Lastly, Campbell attempts to invoke the previously unknown facts exception set forth in Subsection 9545(b)(1)(ii). Until recently, a petitioner

invoking an exception had to file his petition within 60 days of the date he or she could have presented the claim.[4]

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have

---

[4] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Campbell's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176. Here, Campbell has failed to do so.

Campbell may be asserting appellate counsel's failure to file for permission for leave to appeal to the Pennsylvania Supreme Court constituted a newly discovered fact. In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), the Pennsylvania Supreme Court determined counsel's failure to file an appellate brief and perfect the appeal, which resulted in this Court's dismissal of the appeal, constituted abandonment as it was "the functional equivalent

of having no counsel at all." ***Id.*** at 1273. Our Supreme Court further concluded counsel's abandonment could serve as a newly discovered fact, as

> allowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature [in the PCRA]. Rather, subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.

***Id.*** In so holding, the Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that "narrowed the ambit of appellate review," and could not fall within the purview of Section 9545(b)(1)(ii). ***Id.*** at 1273.

Here, however, Campbell has not demonstrated he acted with due diligence. We affirmed the judgment of sentence in 1991. Campbell filed a PCRA petition in 1997. Thus, presumably, in 1997, he was aware of when his judgment of sentence became final. He has failed to explain why he did not raise the claim at that juncture. Moreover, even if Campbell was somehow unaware counsel had not sought leave to appeal to the Pennsylvania Supreme Court, he has utterly failed to explain why he waited over twenty years to investigate the matter. "A petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted). Here, Campbell has failed to show he complied with the due diligence requirement of 42 Pa.C.S.A.

§ 9545(b)(1)(ii). *See Taylor*, *supra* at 1041. Thus, this claim does not merit relief.

Campbell also claimed in the memorandum of law, filed with his PCRA petition:

> he has obtained new and reliable evidence that will absolutely clear him of a crime he did not commit; further, he can demonstrate that [the] [C]ommonwealth's witnesses, Lydia and Freida [sic] Dowling "who framed [defendant]" of a crime, [defendant] can show and bring forth evidence and new witnesses and/or expert testimony that will exonerate him.

Memorandum of Law, 8/25/2016, at 9. However, Campbell did not attach any witness statements to his PCRA petition and did not elaborate on this contention. Nor did Campbell offer proof of when he discovered the "facts" underlying this contention or explain why he could not have ascertained them earlier with the exercise of due diligence.

On appeal, for the first time, Campbell contends that, within sixty days of the date he filed his PCRA petition, he received information from an unnamed intermediary that his co-defendant Valeda Broaddus told the intermediary she lied about Campbell's participation in the murder to the police. Campbell's Brief, at 10, 24. We have long held an appellant waives PCRA issues on appeal that he did not raise in the PCRA petition. *See Commonwealth v. Lauro*, 819 A.2d 100, 103-04 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or amended PCRA petition). This includes claims of exceptions to the time-bar. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 n.3 (Pa. Super. 2013)

(argument on appeal, including those seeking exception from PCRA time-bar, must be raised and presented to PCRA court). Further, an appellant cannot raise a subject for the first time on appeal. *See Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). Here, Campbell raised his claim about Broaddus' alleged recantation for the first time on appeal, thus, he waived his contention. *See Lewis*, *supra* at 1280 n.3; *Handford*, *supra* at 1098 n.3; *Lauro*, *supra* at 103-04.

Accordingly, because we agree with the ruling of the PCRA court that Campbell did not timely file his PCRA petition and he failed to establish the applicability of any of the time-for-filing exceptions, we affirm the order dismissing his petition without first conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19

- 10 -